DIANE J. HUMETEWA
United States Attorney
District of Arizona

RACHEL C. HERNANDEZ
GARY M. RESTAINO
Arizona State Bar Nos. 016543 and 017450
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Rachel.Hernandez@usdoj.gov
Gary.Restaino@usdoj.gov

FILED ___ LODGED ✗
RECEIVED ___ COPY
APR 2 8 2009
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-09-0052-PHX-DGC |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| Jarrett B. Maupin, II, | |
| Defendant. | |

Plaintiff, United States of America, and defendant, Jarrett B. Maupin, II, hereby agree to the following disposition of this matter:

**PLEA**

Defendant will plead guilty to Count 1 of the Indictment charging defendant with a violation of Title 18, United States Code, Section 1001, False Statement to a Federal Agency, a class D felony offense.

**TERMS**

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

1. **MAXIMUM PENALTIES**

   a. A violation of Title 18, United States Code, Section 1001, is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of five years, or both and a term of supervised release of up to three years.

   b. According to the Sentencing Reform Act of 1984, the court shall:

   (1) Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the court determines that restitution would not be appropriate in this case;

   (2) Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3572, the Court finds upon consideration of the factors therein and in Section 3553 that a fine is not appropriate;

   (3) Order the defendant, pursuant to Title 18, United States Code, Section 3583 to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

   c. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2. **AGREEMENTS REGARDING SENTENCING**

   a. <u>Recommendation by the Government</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend a sentence of probation.

   b. Defendant understands that the court is neither a party to nor bound by this agreement and specifically that the United States' recommendation is not binding on the court, and the court may impose any sentence provided for by law. Defendant further understands that

if the court imposes a sentence different from what the United States recommends the defendant will not be permitted to withdraw the guilty plea.

   c.   Other Agreements.  Prior to sentencing, as an express provision of this plea agreement, defendant will resign from the Governing Board of the Phoenix Union High School District.

   d.   The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

   e.   Acceptance of Responsibility.  Assuming the defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding the defendant's commission of the offense and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will stipulate to a two-point reduction in the applicable sentence guideline offense level, pursuant to Section 3E1.1 of the Guidelines.

   f.   If the court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

**3.   AGREEMENT TO MAKE RESTITUTION**

   a.   Defendant specifically agrees to make restitution, if any, on the charge in the Indictment in an amount to be determined by the Court.

   b.   Defendant also specifically agrees to make restitution arising out of two peripheral incidents described in the FBI report of March 9, 2009, as identified more fully in section 4a of this Agreement:

      i.   Defendant agrees to make restitution in an amount to be determined by the Court to PY and her family arising out of her agreement with defendant (who is not a licensed

attorney) to provide for the legal defense of her son, which occurred between July-September 2008 and is more specifically described on pages 5-15 of the March 9, 2009 FBI report.

   ii. Defendant further agrees to make restitution in an amount to be determined by the Court to KLS and her family arising out of defendant's financial gain through his misuse of a power of attorney, and related conduct, which occurred between October-December 2008 and is more specifically described on pages 15-28 of the March 9, 2009 FBI report.

   iii. Defendant agrees to make this restitution voluntarily pursuant to 18 U.S.C. § 3663(a)(1)(A), and without admitting criminal culpability for the identified incidents.

**4.   AGREEMENT NOT TO PROSECUTE**

 a. The United States Attorney's Office for the District of Arizona will not prosecute the defendant for any offenses disclosed in the Federal Bureau of Investigation report of March 9, 2009 entitled "Prosecutive Report of Investigation Concerning Jarrett B. Maupin, II: Supplement – Fraud Schemes".

 b. This agreement does <u>not</u>, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

**5.   WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

6. **PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

7. **REINSTITUTION OF PROSECUTION**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

8. **DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**

   a.   The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department including, but not limited to:

   (1)   All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

   (2)   All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

   (3)   All history of drug abuse which would warrant a treatment condition as part of sentencing.

1       (4)    All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

### 9.   FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

    a.    Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

    b.    Further, this agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

### DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I understand that any Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

6

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## ELEMENTS OF OFFENSE AND FACTUAL BASIS

A. Elements of False Statement to a Federal Agency

The defendant understands that if the case were to proceed to trial, the government would be required to prove each of the following elements beyond a reasonable doubt before the defendant could be found guilty of the subject offense:

1. Defendant made a false statement or representation to the Federal Bureau of Investigation;
2. The statement was "material", that is, it had the capacity to influence an investigation;
3. The statement concerned alleged federal crimes, and was therefore within the jurisdiction of the Federal Bureau of Investigation; and
4. The actions took place within the District of Arizona.

B. **Factual Basis**

I further admit that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

In 2008, following my 2007 political campaign against incumbent Phoenix Mayor Phil Gordon and eventual removal from the ballot, I was looking for a way to hurt the Mayor politically. I first falsely informed a local newspaper reporter that I had evidence of criminal conduct on the part of the Mayor. In the spring of 2008 I spoke with representatives from a local law enforcement agency. On September 16, 2008, I falsely informed agents from the Federal Bureau of Investigation that I had seen evidence, including documents, photographs and video, of Mayor Gordon engaged in criminal activity. I also hand-wrote a statement further describing my false allegations in detail.

I fully and completely repudiate my September 16, 2008 statement to the FBI. I acknowledge that I lied to the FBI about criminal conduct of Mayor Gordon. In short, there was no video, there were no photographs, there were no documents, and there was no crime. I engaged in this conduct in an effort to smear Mayor Gordon politically, even though I knew at all times that there was no truth to the allegations I made to the FBI. I further acknowledge that I wasted the time and resources of FBI agents and other FBI personnel for my own political purposes.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

April 9th, 2009
Date

JARRETT B. MAUPIN, II
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guideline with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4/9/09
Date

MICHAEL BKUPIN
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

4-28-09
Date

RACHEL C. HERNANDEZ
GARY M. RESTAINO
Assistant U.S. Attorneys

## COURT'S ACCEPTANCE

_____
Date

_____
HON. DAVID G. CAMPBELL
United States District Judge